1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

LORI ANNA MASSEY,

               Plaintiff,

     v.

MULTICARE HEALTH SYSTEM,
et al.,

               Defendants.

CASE NO. C20-5922JLR

ORDER DISMISSING
COMPLAINT

15

16

17

18

19

20

     Before the court is Plaintiff Lori Anna Massey's complaint against Defendants
MultiCare Health System and Allenmore Hospital.  (Compl. (Dkt. # 16).)  The court
previously granted Ms. Massey's motion to proceed *in forma pauperis*.  (Dkt. # 15.)  For
the reasons below, the court dismisses Ms. Massey's complaint (Dkt. # 16) without
prejudice and with leave to amend.

     //

21

     //

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

# I.    DISCUSSION

Notwithstanding the payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* is subject to a mandatory *sua sponte* review and dismissal to the extent that it (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (stating that 28 U.S.C. § 1915(e)(2)(B) applies to both prisoners and non-prisoners proceeding *in forma pauperis*); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

A *pro se* plaintiff's complaint is to be construed liberally, but it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Ms. Massey, a citizen of California, alleges that when she went to Allenmore Hospital's emergency room in Tacoma, Washington to receive care, a hospital security guard, a nurse, and a Pierce County Sheriff's deputy "attempted to murder" her, interfered with her rights, assaulted her, and battered her, causing her serious injuries. (Compl. at 2, 4-5.)  She alleges that Defendants are liable for their employees' conduct

1    under the doctrine of respondeat superior for "tort claims" and for "professional

2    negligence."  (*See* Compl. at 6-8.)

3          Ms. Massey's alleged injuries, however, occurred in April 2010—more than ten

4    years before she filed her complaint.  (*See* Compl. at 4-5.)  As a result, the statutes of

5    limitations for her claims have long since expired.  *See* RCW 4.16.080(2) (three-year

6    statute of limitations for any action alleging "injury to the person or rights of another");

7    RCW 4.16.100(1) (two-year statute of limitations for an action alleging assault or assault

8    and battery).  Ms. Massey alleges that the statute of limitations does not bar this action

9    because there is no statute of limitation for "serious crimes such as murder, attempted

10   murder, kidnapping, etc." (Compl. at 4.)  She also alleges that the statute of limitations

11   can be "avoided or eliminated altogether" if "serious crimes and/or permanent mental or

12   physical injuries have occurred."  (*Id.*)  Criminal statutes of limitations, however, do not

13   apply in this civil case, and Ms. Massey does not explain how her ability to bring a

14   lawsuit was delayed by her injuries.  *See Massey v. Thomas*, No. C19-5453RBL, 2019

15   WL 2450891 (W.D. Wash. Jun. 12, 2019) (dismissing, on statute of limitations grounds,

16   claims by Ms. Massey based on conduct that allegedly occurred in 2005).

17         Because Ms. Massey's complaint fails to state a claim on which relief may be

18   granted, dismissal without prejudice and with leave to amend is appropriate.  *See Lopez*,

19   203 F.3d at 1127; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir.

20   2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo

21   review, that the complaint could not be saved by any amendment.").

22         //

## II.   CONCLUSION

Based on the foregoing, the court DISMISSES Ms. Massey's complaint (Dkt. # 16) WITHOUT PREJUDICE.  If Ms. Massey chooses to file an amended complaint, she must do so within 21 days of the date of this order.

Dated this 19th day of October, 2020.

JAMES L. ROBART
United States District Judge